IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donna Miller,                          :

    Plaintiff,                      :

  v.                                   :     Case No. 2:12-cv-1148

                                               :     JUDGE GEORGE C. SMITH
Ruby Lipscomb, et al.,                       Magistrate Judge Kemp

    Defendants.                     :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, Donna Miller (which may be an alias for Selina Miller, a vexatious litigator who is not permitted to file complaints in her own name without leave of Court - see, for example, the staff note entered in Case No. 11-cv-352 on May 16, 2011, and the references to Selina Miller in the complaint), has submitted a complaint and a motion for leave to proceed *in forma pauperis*. Giving plaintiff the benefit of the doubt in terms of whether she is Selina Miller, and taking into account her financial information, the motion for leave to proceed *in forma pauperis* (#1) is granted. However, it will be recommended that the case be dismissed as frivolous under 28 U.S.C. §1915(e)(2).

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in

law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  The complaint will be evaluated under these standards.

## II.

Ms. Miller's complaint names three defendants: Ruby Lipscomb, the State of Ohio Counseling Board, and James Lipscomb. The only defendant mentioned in the section of the complaint where Ms. Miller was asked to provide a statement of her claim is Ruby Lipscomb.  Her allegations, printed here exactly as they appear in her complaint, are as follows:

> 1. Ruby Lipscomb states Donna Miller authorized family counseling.
> 
> 2. Ruby Lipscomb states Donna Miller authorized cognitive therapy for family counseling.
> 
> 3. Ruby Lipscomb states Selina Miller was treated with cognitive therapy for a mental disorder.
> 
> 4. Ruby Lipscomb states Selina Miller was treated with cognitive therapy for a behavioral disorder.
> 
> 5. Ruby Lipscomb states the excessive cognitive therapy session grants fees to Selina Miller.

The prayer for relief seeks $400,000.00 in "excessive damages

from cognitive therapy."  Ms. Miller invokes the Court's jurisdiction under 28 U.S.C. §1343.

It is not difficult to see that this complaint contains no facts from which either a cause of action under federal law, or jurisdiction under §1343 (which provides for federal jurisdiction over claims for civil rights violations) could plausibly be inferred.  As noted, the names of two of the three named defendants do not appear in the complaint's allegations.  Ruby Lipscomb is not identified in any way in the complaint.  Assuming that she is a state actor, perhaps an employee of the entity described as "State of Ohio Counseling Board" (there does not appear to be any such agency, but there is an agency known as The Counselor, Social Worker and Marriage and Family Therapist Board with offices on Broad Street in Columbus, whose primary responsibility is to license counselors and social workers), there are no facts describing how Ms. Lipscomb, in any official capacity, violated Ms. Miller's constitutional rights.

The most favorable interpretation of the complaint - although one which would require the Court to supply facts not pleaded - is that Ms. Lipscomb falsely stated certain things concerning Ms. Miller.  But false statements by a state employee do not ordinarily support a claim for the violation of constitutional rights. See Paul v. Davis, 424 U.S. 693, 712 (1976)(rejecting a claim that "defamatory publications" made by a government official deprived the target of those statements of "any 'liberty' or 'property' interests protected by the Due Process Clause").  Conversely, if the statements were true and Ms. Miller's concern is the publication of those statements to others, not only has she not alleged such publication, but the Constitution does not create any generalized privacy interest in not having personal information disclosed to the public.  See, e.g., Miller v. Supreme Court of Ohio, 2011 WL 1691837, *2 (S.D.

Ohio May 4, 2011)(rejecting plaintiff's conclusory assertions of invasion of privacy because "'the Sixth Circuit has held that the Constitution does not encompass a general right to nondisclosure of private information,'" quoting Wilson v. Collins, 517 F.3d 421 429 (6th Cir. 2008)).  On the other hand, if Ms. Lipscomb is merely a private individual and Ms. Miller's claim is based on state law, the Court would not have jurisdiction because the parties are not diverse (that is, they all appear to be citizens of the State of Ohio).  Either way, this complaint is fundamentally lacking in allegations which invoke the Court's jurisdiction or which state a valid claim.  It is therefore subject to dismissal.

                                  III.

Based on the foregoing, plaintiff's motion for leave to proceed *in forma pauperis* (#1) is granted.  Further, it is recommended that this action be dismissed under 28 U.S.C. §1915(e) as frivolous and for lack of subject-matter jurisdiction.

                                  IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object

to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge